UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                Plaintiff,

                                    ORDER

-vs-

                                    06-CR-6148 (MAV)

PETER J. BARKLEY,

                Defendant.

_____

## INTRODUCTION

Now before the Court is Defendant Peter Barkley's application for a sentence reduction. ECF No. 33. For the reasons set forth below, the application is denied without prejudice to refiling.

## BACKGROUND

In 2006, Defendant Peter Barkley was convicted by plea of one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 20. He was sentenced by Judge Larimer to 51 months in the custody of the Federal Bureau of Prisons, and 3 years of supervised release. ECF No. 24. In October 2009, he was released from federal prison and his term of supervised release commenced. ECF No. 28.

In April 2011, Judge Larimer signed a petition for a warrant for Barkley's arrest submitted by the United States Probation Office. *Id.* The warrant was based on an alleged violation of the provision of the terms of Barkley's supervised release that prohibited him from committing another federal, state, or local crime. *Id.* The

1

petition alleged that Barkley was arrested in June 2010 by the Rochester Police Department and charged with gang assault in the first degree for his participation in beating another person to death with "pipes, sticks, bottles, and a television set." *Id.* The petition also alleged that Barkley pled guilty to that offense in March 2011 in New York state court, and was sentenced to 18 years incarceration in state prison. *Id.*

In May 2011, Barkley appeared before Judge Larimer and pled guilty to violation of his supervised release. ECF No. 31. He was sentenced to 12 months and 1 day imprisonment in federal prison "to run consecutive to [the] New York State sentence imposed." ECF No. 32. That is, Barkely will have to serve 1 year and 1 day in federal custody *after* he has completed his state sentence.

On June 2, 2025, the Clerk of Court received the application for a sentence reduction presently before the Court. ECF No. 33. On June 3, 2025, the matter was transferred to the undersigned. ECF No. 34.

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c), "[t]he court may not modify a term of imprisonment once it has been imposed" unless the criteria of one of the exceptions identified by that statute have been satisfied. Relief is appropriate pursuant to § 3582(c)(1)(A), otherwise known as "compassionate release," when the following conditions are met: (1) the exhaustion requirement of the statute is satisfied; (2) extraordinary and compelling reasons warrant a reduction of the prison sentence; (3) the factors set forth at 18 U.S.C. § 3553(a) support modification of the prison term; and (4) the reduction

in the prison sentence is consistent with the Sentencing Commission's policy statements. *See United States v. Terry*, 493 F. Supp. 3d 225, 227 (W.D.N.Y. 2020). Alternatively, a court may modify a defendant's sentence under § 3582(c)(1)(B) if it is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," or under § 3582(c)(2) if "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . ."

## APPLICATION

In the present case, Barkley's federal sentence was imposed in May 2011. ECF Nos. 31–32; *Lott v. United States*, 367 U.S. 421, 426 (1961) (stating that a "sentence is imposed" when there is a "pronouncement of judgment"). However, his application neither specifies the particular exception from § 3582(c) that applies to his case, nor identifies any compelling reasons for a reduction that might aid the Court in its analysis. Consequently, "this Court is without power to modify [Barkley]'s sentence." *United States v. Edwards*, No. 14-CR-6173-FPG-4, 2020 WL 3050401, at *1 (W.D.N.Y. June 8, 2020).

Accordingly, Barkley's motion must be denied without prejudice.

SO ORDERED.

Dated:     July 8, 2025
           Rochester, New York

                                             /s/ Meredith Vacca
                                             HON. MEREDITH A. VACCA
                                             United States District Judge